IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL** |
| vs. | ) ) ) | Case No. 1:10-cr-059-02 |
| Robin Iron Shield, | ) ) ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Motion For Stay Pending Appeal," filed on August 17, 2011. See Docket No. 83. The Government filed a response in opposition to the motion on August 24, 2011. See Docket No. 86. For the reasons explained below, the Court denies the Defendant's motion.

I. **BACKGROUND**

The Defendant, Robin Iron Shield, was indicted on one count of sexual abuse of a minor on July 13, 2010. See Docket No. 15. A jury trial was held on March 1-3, 2011, and Iron Shield was convicted. See Docket Nos. 50 and 51. On June 13, 2011, Iron Shield was sentenced to time served and 60-months of supervised release. See Docket No. 68. As a special condition of supervised release, the Court ordered Iron Shield to reside at a halfway house for one year followed by six months of home confinement. See Docket No. 68.

On June 15, 2011, Iron Shield appealed his conviction to the United States Court of Appeals for the Eighth Circuit. See Docket No. 70. After filing the appeal, Iron Shield filed this motion requesting a stay of the criminal judgment pending the appeal. See Docket No. 83. He contends a stay is warranted because the proposed appeal is not frivolous, he is not a flight risk, and he is not a danger to the community.

## II.   LEGAL DISCUSSION

Iron Shield contends his motion is appropriate under Rules 8(c) and 9(b) of the Federal Rules of Appellate Procedure. See Docket No. 83. Rule 9(b) provides:

> A party entitled to do so may obtain review of a district court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Both the order and the review are subject to Rule 9(a). The papers filed by the party seeking review must include a copy of the judgment of conviction.

Fed.R.App.P. Rule 9(b). This rule is inapplicable to these circumstances because the rule merely authorizes an appeals court to review a district court's denial of release after a criminal judgment. See Advisory Committee's Notes on Fed.R.App.P. 9 (1994) ("Subdivision (b). This subdivision applies to review of a district court's decision regarding release made after judgment of conviction."); Beaird v. Joslin, 2006 WL 2473338, at *4 (N.D.Tex. Aug. 11, 2006) (stating the rule "provides the means to challenge the denials of the motions for release pending appeal.").

Federal Rule of Appellate Procedure 8(c) states that "Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case." Depending on the type of criminal sentence ordered by a district court, Rule 38 of the Federal Rules of Criminal Procedure authorizes a court to stay the sentence pending appeal. Rule 38 discusses seven types of sentences that may or must be stayed, but the text of the rule does not address a stay of supervised release.[1] Iron Shield has not cited any case law where a term of supervised release was stayed under Rule 38. On the rare occasions in which courts have granted motions to stay a term of supervised release, they neither cited to Rule 38 nor any other rule or statute as authority. See e.g., United States v. Ritter, 118 F.3d 502, 504 (6th Cir. 1997)

---

[1] Rule 38(d) addresses staying a term of probation. However, supervised release is distinct from probation. The statutory provisions concerning probation and supervised release are different, see 18 U.S.C. §§ 3561-3566 (regarding probation); 18 U.S.C. § 3583 (concerning supervised release), and the Supreme Court has interpreted the two forms of supervision as distinct. See United States v. Granderson, 511 U.S. 39, 50 (1994) (rejecting the Government's argument that probation and supervised release are similar and should be interpreted the same).

2

(noting that the defendant "successfully moved this court for a stay of the [challenged supervised release] condition pending appeal" without citing any rule or statute); United States v. Desai, 2007 WL 551758, *1 (W.D.Mich. Feb., 2007) (granting a motion to stay a special condition of supervised release, without citing authority, because the Government did not oppose the motion).

Neither party has identified any statute or rule which provides the Court with authority to grant a stay of supervised release pending appeal. Further, none of the parties have cited to any authority establishing a standard to analyze Iron Shield's motion. However, federal courts have inherent authority to grant stays pending appeal under certain circumstances. See Niken v. Holder, -- U.S. --, 129 S.Ct. 1749, 1754 (2009) (quoting Scripps-Howard Radio, Inc. v. FCC, 316 U.S. 4, 9-10 (1942)) (declaring "it 'has always been held, . . . that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal'" because otherwise the appellate "court's decision may in some cases come too late for the party seeking review"). Assuming for the sake of argument that the Court has the inherent authority to grant Iron Shield's motion, the question remains as to what standard should be used to decide Iron Shield's motion.

The Defendant contends a stay should be granted because the proposed appeal is not frivolous and he is neither a flight risk nor a danger to the community. Iron Shield's arguments track the factors to be considered as set forth in 18 U.S.C. § 3143(b)(1), which control the release of convicted defendants pending appeal. The Government also relies upon the standard set forth in 18 U.S.C. § 3143(b)(1), which provides:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds-

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Because the parties both rely upon this standard of review for motions to stay a term of supervised release pending an appeal, the Court will apply 18 U.S.C. 3143(b)(1) in this particular case.

Notwithstanding issues of community safety and risk of flight, Iron Shield has the burden to show that he has raised a substantial question of law or fact on appeal. 18 U.S.C. § 3143(b)(1)(B). In Iron Shield's motion to stay pending appeal, the only issue he discusses is the insufficiency of corroborating evidence to support his confession. See Docket No. 83. In determining whether a defendant has raised a substantial issue on appeal, the court must determine whether the issues raised by a defendant may be considered a "close question or one that could go either way" on appeal. United States v. Powell, 761 F.2d 1227, 1233-34 (8th Cir. 1985) (en banc).

The trustworthiness of a defendant's confession may be established through independent evidence that bolsters the accuracy of the confession, thereby proving the charged offense through the defendant's statements. United States v. Kirk, 528 F.3d 1102, 1110-11 (8th Cir. 2008). The evidence corroborating the confession "need not be sufficient, on its own, to establish the body of the offense beyond a reasonable doubt, or even by a preponderance of the evidence." Id. The "corroborative

4

evidence is sufficient if it 'merely fortifies the truth of the confession without independently establishing the crime charged.'" Id. at 1111 (quoting United States v. Wong Sun, 371 U.S. 471, 489 (1963)). The amount and type of corroborating evidence depends upon the facts of each case, and may consist of any type of evidence that tends to prove the accuracy of the confession. Id. at 1112. Thus, "circumstantial evidence may justify a jury's inference that a defendant's statement is true." Id.

The record reveals that Iron Shield told Agent White that he and S.O.R., a minor, began kissing during a car ride from Parshall to Fort Yates, North Dakota. See Docket No. 80, p. 26. S.O.R. testified that while she didn't think they kissed, she may have bit Iron Shield on the neck. See Docket No. 79, p. 61. Iron Shield told Agent White that S.O.R. said she was 13 years old. See Docket No. 80, p. 25-26. S.O.R. confirmed this fact. See Docket No. 79, p. 60-61.

Iron Shield told Agent White that after arriving at the apartment in Fort Yates, he made a bed of blankets on the floor for S.O.R. See Docket No. 80, p. 26. S.O.R. and A.M., another minor accompanying S.O.R., confirmed this. See Docket No. 79, p. 63, 81, 102. Iron Shield told Agent White that while he was laying down, S.O.R. came over and got on top of him and began kissing him. See Docket No. 80, p. 26. Iron Shield then told Agent White the two moved to the bed of blankets on the floor where they continued kissing, eventually leading to sexual intercourse. See Docket No. 80, p. 26-27. S.O.R. testified that Iron Shield gave her hickeys while the two were lying on the floor. See Docket No. 79, p. 65. The hickeys were documented by the photographs taken during the sexual assault examination. See Docket No. 79, p. 45-46. S.O.R. testified that Iron Shield was "messing around with her bra" while they were laying on the living room floor, and the next thing she knew, it was off. See Docket No. 79, p. 64-65. The bra was later found in the blankets located on the living room floor during the police search of the apartment. See Docket No. 79, p. 40-41, 72.

5

S.O.R. did not directly confirm the sexual act during her testimony at trial. However, direct or independent confirmation of the sexual act is not necessary. The corroboration rule only requires "enough evidence in support of the essential fact of a confession to support a jury's inference of their truth." Id. at 1111-12 (citing United States v. Maxwell, 363 F.3d815, 818 (8th Cir. 2004) (citing Opper v. United States, 348 U.S. 84, 93 (1954))). The corroborating evidence need not confirm the criminal conduct in order to be persuasive. Kirk, at 1112 n.10 (citing United States v. Todd, 657 F.2d 212 (8th Cir. 1981); see also United States v. Ramirez, 635 F.3d 249, 257 (6th Cir. 2011) ("So long as portions of the defendant's statement are corroborated by 'substantial independent evidence' that 'tend[s] to establish the trustworthiness of the statement,' then the elements of the crime may be established by the defendant's statements").

The testimony of S.O.R. and A.M. confirmed multiple details of Iron Shield's confession. The testimony of the minors, along with the physical and photographic evidence found at the apartment, adequately corroborated Iron Shield's confession for this Court to find it sufficiently trustworthy. The Court finds that the issue raised by Iron Shield on appeal does not involve a close question or one that could go either way. Accordingly, the Defendant's motion for a stay of the term of supervised release pending an appeal is denied.[2]

---

[2] The Court would reach the same result regardless of whether Rule 38 of the Federal Rules of Criminal Procedure is found to apply or Rules 8(c) or 9(b) of the Federal Rules of Appellate Procedure, or any other statutory provision or procedural motion to modify the terms and conditions of supervised release.

## III. CONCLUSION

For the foregoing reasons, the Defendant's "Motion For Stay Pending Appeal" (Docket No. 83) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2011.

                                                */s/ Daniel L. Hovland*
                                                Daniel L. Hovland, District Judge
                                                United States District Court